**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

David P. Rachel,

Defendant.

No. CR-12-01927-05-PHX-NVW

**ORDER**

Before the court is Defendant David Rachel's Amended Motion for Release Pending Appeal (Doc. 858). For the reasons that follow, the Motion will be denied.

Rachel was convicted on October 8, 2014, of one count of conspiracy and twelve counts of money laundering. (Doc. 506.) On March 30, 2015, the court sentenced Rachel to concurrent terms of thirty-six months on the conspiracy count and the money laundering counts, followed by three years of supervised release. (Doc. 704; Doc. 716 at 1.) After filing a Notice of Appeal (Doc. 717) on April 1, 2015, Rachel submitted a Motion for Release Pending Appeal (Doc. 792) on May 27, 2015, which he renewed on June 24, 2015 (Doc. 858). The Government opposes the Motion. (Doc. 818.)

The Bail Reform Act of 1984 establishes a presumption that convicted defendants will be detained pending appeal:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)]; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). For purposes of § 3143(b)(1)(B), "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented"—i.e., whether the alleged error is reversible or merely harmless. *See United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985). A "'substantial question' is one that is 'fairly debatable' or 'fairly doubtful.' In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 1283 (citations and some internal quotation marks omitted).

Here, Rachel argues his appeal presents a number of "substantial questions" of law or fact that are likely to lead to reversal. Several of Rachel's proposed questions are simply attempts to relitigate matters on which the court has already ruled. The court determined before trial, for example, that Federal Rule of Criminal Procedure 14 did not require severing Rachel's trial from those of his co-defendants. (Doc. 359.) Nothing that happened during trial throws that conclusion into doubt. Nor is there any reason to reconsider the court's pre-trial denial of Defendant Steven Brewer's Motion in Limine Re: Parol Evidence (Doc. 306), which Rachel joined (Doc. 316). (*See* Doc. 333.) Similarly, at trial the court overruled objections to the Government's use of summary charts and exhibits under Federal Rule of Evidence 1006. Other of Rachel's objections,

such as that rooted in the Confrontation Clause, are novel but similarly without foundation.

The most significant issue raised in Rachel's Motion, and the only one that merits discussion, is his contention that the court erred by interposing its own questions during Brewer's testimony at trial. According to Rachel, the court's "adversarial" questioning prejudiced the trial by suggesting to the jury that the court found Brewer not credible. (Doc. 858 at 23.) As a result, the jury was allegedly less inclined to accept Brewer's testimony and therefore more likely to conclude that "Rachel must be a part of a conspiracy." (*Id.* at 24.)

Under Federal Rule of Evidence 614(b), the "court may examine a witness regardless of who calls the witness." This authority to question witnesses is "well established." Fed. R. Evid. 614 advisory committee's notes. A "trial judge is more than a moderator or umpire. His responsibility is to preside in the manner and with the demeanor to provide a fair trial to all parties and his discretion in the performance of this duty and management is wide." *United States v. Parker*, 241 F.3d 1114, 1119 (9th Cir. 2001) (internal quotation marks omitted). "A trial judge's participation oversteps the bounds of propriety and deprives the parties of a fair trial only when 'the record discloses actual bias . . . or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality.'" *Id.* (ellipsis in original). "The judge may therefore 'participate in the examination of witnesses to clarify issues and call the jury's attention to important evidence.' . . . The mere fact that a judge's participation in a trial is substantial or even 'extreme' does not *ipso facto* deprive a defendant of a fair trial." *Id.*

In this case, the court's participation in examining Brewer fell far short of "substantial" or "extreme." Although Rachel does not identify the particular line of questioning to which he objects, the court's only extended involvement came on direct examination, when Brewer was discussing an outside company that helped him "broker[] . . . medium-term notes." (Doc. 612 at 251.) Brewer's testimony featured a number of

terms—for example, "debt paper," "discounted rate," "end user," "ISIN number," "matured paper"—that obscured rather than clarified the nature of the transaction in issue. (*Id.* at 251-53.) The court, despite extensive experience with commercial and financial litigation when in law practice, was unable to understand the arrangement Brewer was describing. In order to ensure its own comprehension, as well as that of the jury, the court asked a series of targeted questions directed at bringing that arrangement into focus. (*See id.* at 251-57.) The entire exchange could not have lasted more than five minutes. In addition, the court expressly instructed the jury that it should not draw any inferences from this line of questioning about the believability of Brewer's testimony. (*Id.* at 257.)

Questioning of this type, which aims merely to "clarify issues" in the case, is plainly permissible under Rule 614. *Parker*, 241 F.3d at 1119. At no point did the court "project[] to the jury an appearance of advocacy or partiality." *Id.* It is simply not credible, as Rachel contends, that the court's brief questioning of a different defendant—which focused only on the facts of the case and featured no opinion or commentary—was a "but for" cause of Rachel's conviction. (Doc. 858 at 24.)

Rachel has failed to identify a "substantial question of law or fact" likely to result in reversal or a new trial. 18 U.S.C. § 3143(b)(1)(B). Accordingly, there is no need to consider whether he is "likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(b)(1)(A).

IT IS THEREFORE ORDERED that Defendant David Rachel's Amended Motion for Release Pending Appeal (Doc. 858) is denied.

Dated this 27th day of July, 2015.

Neil V. Wake
United States District Judge